UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOSEPH STONE,

            Plaintiff,

     v.

OMNICELL, INC., et al.,

            Defendants.

Case No.  25-cv-05229-SVK

**ORDER GRANTING MOTION TO REMAND AND DENYING MOTION TO DISMISS AS MOOT**

Re: Dkt. Nos. 24, , 26

Before the Court are two motions:  Defendant Dennis Lee's ("Lee") Motion to Dismiss the claims against him for failure to state a claim and fraudulent joinder;  and Plaintiff Joseph Stone's Motion to Remand this action to state court for lack of diversity jurisdiction because both he and Lee are citizens of California.  Dkts. 24 and 26, respectively.  Defendant Lee and Defendant Omnicell, Inc. ("Omnicell" and, collectively, "Defendants") jointly opposed the Motion to Remand.  Dkt. 30.  All Parties have consented to magistrate-judge jurisdiction.  *See* Dkts. 8, 20, 27.[1]  The Court finds the motions suitable for determination without oral argument.  Civil L.R. 7-1(b).  Having reviewed the Parties' submissions, the relevant law and the record in this action, the Court **GRANTS** the Motion to Remand and **DENIES as moot** the Motion to Dismiss.

////

////

////

////

////

---

[1] Plaintiff also sued 20 Doe defendants. *See* Dkt. 1-3 at 1.  These Doe defendants are not "parties" for purposes of assessing whether there is complete consent to magistrate-judge jurisdiction. *See Williams v. King*, 875 F.3d 500, 502-505 (9th Cir. 2017) (magistrate-judge jurisdiction vests only after all named parties, whether served or unserved, consent).

## I.     BACKGROUD

For the purposes of resolving the pending motions, the Court accepts the factual allegations of the complaint as true. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).[2]

### A.     Plaintiff's General Factual Allegations

Omnicell is a Delaware corporation, with its principal place of business in Fort Worth, Texas. Dkt. 1-1, ¶¶ 3-6. Omnicell has an office in Milpitas, California. Dkt. 1-3, ¶ 3. Both Plaintiff and Defendant Lee are individuals residing in the County of Santa Clara. *Id.*, ¶¶ 3-4.

In or about April, 2024, Defendants hired Plaintiff "as a Logistics Supervisor" to handle "all incident reports, write-ups, terminations, on-boarding[] and off-boarding of employees, ensuring everyone abided by Defendants' rules, ensuring Defendants' operations were sa[f]e and compliant with the California Division of Occupational Safety and Health (CALOSHA), and conducting interviews for staffing." Dkt. 1-3 ("Compl."), ¶ 20. "Plaintiff's job did not entail physical labor and was largely computer-based," and his "role was labeled has a hybrid role," with Plaintiff's first two weeks being fully remote. *Id.*, ¶¶ 21-22. In or about October, 2024, Plaintiff was struck by a vehicle at a stop sign. *Id.*, ¶¶ 23-24. Following a CT scan showing "damage to his back, as well as a tear in his knee," Plaintiff provided Defendants with a doctor's note indicating that he "could work form home without issue" but would not be able to drive until at least January 1, 2025. *Id.*, ¶¶ 25-26. Defendants allegedly told Plaintiff he could not work from home, he received his first negative review shortly thereafter (allegedly "predicated on falsehoods … to offer Defendants a reason … to terminate Plaintiff"), and as of November 30, 2024, "constructively terminated Plaintiff." *Id., generally*, ¶¶ 27-37.

Based upon the alleged course of events, on June 4, 2025, Plaintiff filed suit against Defendants in the Superior Court of the State of California for the County of Santa Clara, alleging eight violations of state law. Compl. As relevant to the pending motions, the first cause of

---

[2] With regard to the pending motion to remand, although "the defendant seeking removal to the federal court is entitled to present the facts showing the joinder to be fraudulent," (*Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 549 (9th Cir. 2018)), Defendants have not done so. Thus, the Court has no facts to consider outside of the Complaint.

2

action—for violation of Cal. Lab. Code §§ 201-03, setting forth civil waiting time penalties—is alleged against all Defendants including Defendant Lee. *Id.* at 15. The remaining seven causes of action are alleged only against Omnicell and the Doe defendants. *Id.* at 16-18, 20-22, 24.

### B. Plaintiff's Allegations as to Dennis Lee

With regard to Defendant Lee, the Complaint alleges that

> Lee was Plaintiff's employer, manager, corporate agent, and/or supervisor. Specifically, Plaintiff is informed and believes, and based thereon alleges, that Mr. Lee dictated Plaintiff's compensation and had plenary ability to supervise, manage, hire, and fire, and did participate in the hiring and firing of Plaintiff. Defendant Mr. Lee exercised control and management of the work performed by Plaintiff as to establish or change corporate policies for which Plaintiff was required to perform. Mr. Lee had the ability to ensure Plaintiff was properly compensated and allotted meal breaks, rest periods, and other provisions issued to employees. Furthermore, Plaintiff was of the belief that Mr. Lee was also his employer.
>
> On information and belief, Mr. Lee was the primary, if not the sole, decision makers and authors of Defendants' corporate policies as to: (1) setting employees' working hours and rates of pay; (2) whether, and how much, to pay employees for overtime hours worked; (3) whether to allow employees the opportunity to take meal periods and rest breaks; (4) determining whether to issue itemized wages statements to employees; (5) determining whether an employee was exempt or non-exempt for purposes of applicable compliance with the Labor Code and order of the Industrial Welfare Commission; and (6) ensure compliance with all applicable Labor Code sections and orders of the Industrial Welfare Commission.

*Id.*, ¶¶ 5-6. Plaintiff does not include any other individualized allegations as to Mr. Lee, although he couches his other allegations as applicable to the "Defendants" in the plural. *See id.*, ¶¶ 7-53.

### C. Subsequent Procedural History

On June 20, 2025, Omnicell removed this case to federal court. *See* Dkt. 1. At that time, Lee was not yet served. *See* Dkt. 26 at 4 (Plaintiff conceding the fact). After some issues with serving the correct Dennis Lee, (*see* Dkts. 13-14), Defendant Dennis Lee was served on September 21, 2025. Dkt. 16. Lee filed his Motion to Dismiss on October 14, 2025, and Plaintiff filed his Motion to Remand on October 22. Dkts. 24, 26. The motions were fully briefed on November 5. *See* Dkts. 29-30 (Plaintiff did not file a reply in support of his motion to remand).

In substance, the motions and briefs are complementary and intertwined: Lee moves to dismiss on the basis of fraudulent joinder and failure to state a claim against him, Plaintiff moves

United States District Court
Northern District of California

to remand on the basis that Lee is a proper defendant and a California citizen.  Lee and Omnicell jointly oppose remand by arguing fraudulent joinder and that removal is proper under the "snap removal" doctrine.  *Compare* Dkt. 24 *with* Dkt. 30 (Lee's Motion and Defendants' Opposition); Dkt. 26 *with* Dkt. 28 (Plaintiff's Motion and Opposition).  In the interest of judicial efficiency, the Court addresses both sets of motions in this Order.

## II.    LEGAL STANDARDS

### A.    Removal and the Motion to Remand

28 U.S.C. § 1441 permits removal of by defendants of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  However, the "forum-defendant rule" provides that actions based solely on the exercise of diversity jurisdiction "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).  There are two caveats to the forum-defendant limitation.

First, "[t]he fraudulent joinder doctrine requires courts to disregard the citizenship of defendants when no viable cause of action has been stated against them, or when evidence presented by the removing party shows that there is no factual basis for the claims alleged against the defendants."  *Hurd v. American Income Life Ins.*, 2013 WL 5575073, at *3 (C.D. Cal. 2013) (citing *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067–68 (9th Cir. 2001)).

The second caveat arises in the case of a "snap removal" – "[t]he practice of [attempting to] circumvent[] application of the forum-defendant rule by removing before defendants are served." *Lam Sing v. Sunrise Senior Mgmt., Inc.*, No. C 23-00733 WHA, 2023 WL 3686251, at *3 (N.D. Cal. May 26, 2023).[3]  The Ninth Circuit also recently addressed so-called "super snap removals":  attempts to remove not only "pre-*service* but, as [the Court] explain[ed], also pre-*filing* of the underlying complaints in state court."  *Casola v. Dexcom, Inc.*, 98 F.4th 947 (9th Cir. 2024) (emphasis in original).  The Ninth Circuit deemed this practice "ineffectual."  *Id*. at 950.  The *Casola* court did not, however, "decide the permissibility of snap removals in the Ninth

---

[3] As demonstrated by this case, "snap removals" may also apply when a defendant removes before the plaintiff was able to serve its non-diverse co-defendant.

Circuit." *Id.* at 950 n.1, 964-65.

Finally, under 28 U.S.C. § 1447, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

### B.    Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) authorizes a district court to dismiss a complaint if it fails to state a claim upon which relief can be granted. In ruling on a motion to dismiss, a court may consider only "the complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice." *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008). Courts generally "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek*, 519 F.3d at 1031. However, a court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. 662, 678 (2009).

Standing alone, "[m]isjoinder of parties is not a ground for dismissing an action." Fed. R. Civ. P. 21. Rather, "the court may at any time, on just terms, add or drop a party." *Visendi v. Bank of Am., N.A.*, 733 F.3d 863, 870 (9th Cir. 2013) (quoting Fed. R. Civ. P. 21). Thus, here, if the Court finds Lee improperly joined, it may drop him as a party from this lawsuit. *See id.*

### III.    DISCUSSION

A "federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction)." *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430-31 (2007). "Without jurisdiction the court cannot proceed at all in any cause; it may not assume jurisdiction for the purpose of deciding the merits of the case." *Id.* (internal quotation marks and citation omitted). "The court therefore addresses plaintiff's motion to remand first." *Moore v. Wells Fargo Bank*, No. 16-cv-005660WBS

United States District Court
Northern District of California

(CKD), 2016 WL 3091087, at *2 (E.D. Cal. June 2, 2016) (citing *Sinochem*, 549 U.S. at 430-31).

### A.    Plaintiff's Motion to Remand is Granted Because the Parties Are Not Completely Diverse and the Court Lacks Subject Matter Jurisdiction

The Parties agree that Omnicell's removal of this case was based upon diversity jurisdiction, and there is no federal question in this case. *Compare* Dkt. 26 at 3 *with* Dkt. 30 at 2; *see also* Dkt. 1 at 2.  The amount-in-controversy and citizenship of the Parties are also not in dispute. *See* Dkt. 26 at 5-6;  Dkt. 30 at 3.  Rather, Plaintiff moves for remand on the basis that Omnicell "removed this matter on June 20, 2025, prior to service on Defendant Dennis Lee, in an attempt to manufacture federal jurisdiction through improper 'snap removal,'" but the subsequent service of Lee on September 21, 2025 "confirm[ed] the absence of complete diversity and defeat[s] any basis for federal jurisdiction," requiring remand under Section 1447.  Dkt. 26 at 3.

### 1.    Defendant Lee is Not Fraudulently Joined

The Court must first decide whether, as Defendants argue in opposition to remand (and Lee argues in his Motion to Dismiss), Lee was fraudulently joined. *See* Dkt. 30 at 6-8.  If so, then the Court need not address the propriety of snap removal, because Lee's citizenship may be disregarded. *See Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998).

There are two ways to establish fraudulent joinder:  "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Grancare*, 889 F.3d at 548 (9th Cir. 2018) (citation omitted).  It is the latter prong of the analysis at issue here:

> Fraudulent joinder is established the second way if a defendant shows that an individual joined in the action cannot be liable on any theory.  But if there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court.

*Id.* (cleaned up) (emphasis in original).

Plaintiff's first cause of action alleges Lee violated California Labor Code Sections 201, 201, and 203.  Compl., ¶¶ 54-56.  The California Labor Code provides that "[a]ny employer or other person acting on behalf of an employer, who … violates, or causes to be violated, Sections

203, [among others, of the California Labor Code], may be held liable as the employer for such violation." Cal. Lab. Code § 558.1(a). Defendants raise two arguments for fraudulent joinder, which mirror the arguments for dismissal raised in Lee's Motion to Dismiss, albeit in abridged form. *Compare* Dkt. 30 at 7-8 *with* Dkt. 24 at 6-10. Despite their abridged form, the Court will consider both arguments in full as supplied by the Parties in the Motion-to-Dismiss briefing.[4]

### a.    Plaintiff Concedes California Labor Code Sections 201 and 202 Do Not Apply to Lee in his Individual Capacity

As an initial matter, Lee points out and Plaintiff does not dispute that there is no basis to impose individual liability against Defendant Lee for waiting time penalties under Sections 201 or 202 in the absence of some other provision of law. *Compare* Dkt. 24 at 6 *and* Dkt. 30 at 7-8 (Defendants making this argument) *with* Dkt. 28, *generally* (Plaintiff providing no opposition on this point).[5] Accordingly, the Court finds there is no possibility that a state court would find that the complaint states sufficient causes of action under Sections 201 or 202 against Lee.

### b.    Upon Amendment, it is Possible a State Court Would Find a Cause of Action Against Lee Under Section 203 via Section 558.1

As for Section 203, Lee "anticipates" that Plaintiff will invoke Section 558.1, which provides a mechanism for individual liability against a "person acting on behalf of an employer who … violate, or causes to be violated, Sections 203," and provides a full argument on the matter. *See* Dkt. 24 at 6-9; *see also* Dkt. 29 at 3-5. Plaintiff's opposition similarly briefs the

---

[4] The Court does so for several reasons.

First, whether Lee's citizenship may be disregarded goes to this Court's subject matter jurisdiction, of which the Court has an independent duty to assure itself.

Second, "the fraudulent joinder standard shares some similarities with the analysis under Rule 12(b)(6). Both require some assessment of the plaintiff's lawsuit." *Grancare*, 889 F.3d at 549. The difference between the two (apart from Defendants' ability to introduce evidence with regard to fraudulent joinder, which Defendants have not done here) is the distinction between "plausibility" (motion to dismiss) and "possibility" (fraudulent joinder). *See id.*; *see also Franey v. Advanced Micro Devices, Inc.*, No. 25-cv-06693-SVK, 2025 WL 3281420, at *3 (N.D. Cal. Nov. 25, 2025) (discussing the differences). Accordingly, the Court must consider the same law and arguments, just at different levels of scrutiny.

Third, Defendants' opposition squarely references Lee's Motion to Dismiss, (*see* Dkt. 30 at 7) and yet is well below the 25-page page limit of the local rules, (*see* Civil L.R. 7-3(a)). The Court may thus treat the Motion to Dismiss briefing as incorporated by reference without issue.

[5] Plaintiff did not file a reply in support of his Motion to Remand.

argument. *See* Dkt. 28 at 3, 7-8. In the interest of judicial efficiency, because the arguments are fully briefed, the Court will consider the merits of the arguments as to Section 203 as applied to Lee through Section 558.1, even though Section 558.1 does not itself appear in the Complaint.

To state a claim for violation of Section 203 via Section 558.1, Plaintiff must plausibly allege, *inter alia*, that: (1) Lee is an "owner, director, officer, or managing agent of" Omnicell and (2) that Lee (or, through him, Omnicell) "willfully fail[ed] to pay" wages in accordance with California labor laws. Cal. Lab. Code §§ 558.1(b) and 203(a), respectively. Defendants challenge the sufficiency of allegations as to these requirements. *See* Dkt. 24 at 6-9; *see also* Dkt. 30 at 8.

      **i.**      **No State Court Could Find the "Managing Agent" Allegations Sufficiently Pleaded, but it is Possible a State Court Would Do So Upon Leave to Amend.**

The term "managing agent" as used in Section 558.1 has a special meaning: "the same meaning as in subdivision (b) of Section 3294 of the [California] Civil Code." Cal. Lab. Code § 558.1(b). Thus, the California Supreme Court has held that it must be "someone who exercises substantial discretionary authority over decisions that ultimately determine corporate policy." *Roby v. McKesson Corp.*, 47 Cal. 4th 686, 714 (2009), *as modified* (Feb. 10, 2010) (cleaned up). Thus, supervisors over a small portion of the company do not count; a managing agent must have the authority to decide "formal policies that affect a substantial portion of the company and that are the type likely to come to the attention of corporate leadership." *Id.* at 715.

Here, the sum total of Plaintiff's allegations directed to Lee are two paragraphs, reproduced in the Background section, above. *See, supra*, § I.B. The allegations in paragraph 5 are legally insufficient because they allege only that Lee was in charge of *Plaintiff's* employment – Lee could "dictate Plaintiff's compensation," had the "plenary ability to supervise, manage, hire, and fire, and did participate in the hiring and firing of Plaintiff," and otherwise exercised control over Plaintiff's work. Compl., ¶ 5. Such allegations, even taken as true, support only that Lee was Plaintiff's supervisor, not that Lee could set corporate policy. *See Roby* at 715 (supervisor of four employees at a distribution center, even one with the ability to adopt an "attendance policy," was not a managing agent within the meaning of Section 558.1).

What remains are the allegations in paragraph 6, wherein Plaintiff alleges on information

United States District Court
Northern District of California

and belief that Lee was "the primary, if not the sole, decision maker[] and author[] of Defendants' corporate policies" within 6 categories. Compl., ¶ 6. However, even assuming the polices over which Lee is alleged to have had control are substantial and of the type that would make him a managing agent under the test set forth in *Roby*, Plaintiff's allegations "on information and belief" are insufficient as pleaded. "Pleading on information and belief is permitted but can be used to defend against a motion to dismiss only 'where the facts are peculiarly within the possession and control of the defendant or where the belief is based on factual information that makes the inference of culpability plausible.'" *Franey v. Advanced Micro Devices, Inc.*, No. 25-cv-06693-SVK, 2025 WL 3281420, at *4 (N.D. Cal. Nov. 25, 2025) (quoting, *inter alia*, *Soo Park v. Thompson*, 851 F.3d 910, 928 (9th Cir. 2017)). Here, the allegation of Lee's involvement in policymaking is simply too conclusory and unsupported. Plaintiff provides no "factual information" on which he bases his belief that Lee was responsible for broad wage and employment policies at Omnicell, and such facts are not peculiarly in Omnicell (and Lee's) possession. In the absence of any such factual information, the Court agrees with Lee that Plaintiff has merely "echo[d] the legal definition of 'managing agent'" and does not credit the allegations in paragraph 6.

Accordingly, in light of the legally insufficient allegations of paragraph 5 and the vague and conclusory allegations of paragraph 6, the Court finds there is no possibility that a state court would find that the complaint **as currently pleaded** states a cause of action under Sections 203 (as applied through Section 558.1) against Lee. However, as the Ninth Circuit makes clear, "the fraudulent [joinder] inquiry does not end [at the complaint.] [Rather,] the district court must consider, as it did in this case, whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend." *Grancare*, 889 F.3d at 550. Where the Complaint is insufficiently pleaded, but might be amended to state a viable claim, the "heavy burden" of fraudulent joinder is not met. *See id.* at 552 ("[A]rguments [that] go to the sufficiency of the complaint, rather than to the possible viability of the [plaintiff's] claims against [the defendant] do not establish fraudulent joinder.").

Accordingly, considering whether Plaintiff can state a viable claim based on an allegation

that Lee was a managing agent of Omnicell, the Court concludes that he may be able to so do. Thus, the Court finds that there **is** a possibility that a state court would find a viable claim against Lee as to this element and does not find fraudulent joinder appropriate at this juncture.

### ii. No State court Could Find the Willfulness Allegations Sufficiently Pleaded, but it is Possible a State Court Would Do So Upon Leave to Amend.

Next, as to Plaintiff's willfulness allegations, the result is similar. Plaintiff's willfulness allegations are insufficient as pleaded. The Complaint includes only two sentences addressing willfulness as to violation California's waiting time penalties, (*see* Compl., ¶¶ 55-56), and **none** of the allegations plead anything beyond the bare assertion that Lee specifically, as an individual, acted willfully. *See* Compl. There is no possibility that a state court would find these allegations sufficient to state a claim under Section 203 as applied through Section 558.1 on the Complaint as pleaded.

However, as with the "managing agent" allegations above, the Court finds that there is a possibility that these allegations could be cured upon amendment. Accordingly, the Court finds that there **is** a possibility that a state court would find a viable claim against Lee as far as this element goes and does not find fraudulent joinder appropriate on this element.

\* \* \*

In sum, upon examining the only two deficiencies raised by Defendants, the Court concludes that, because of the possibility of amendment to cure pleading defects, there is a possibility that a state court would find that the complaint states a cause of action against Lee. "A defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a 'heavy burden' since there is a 'general presumption against [finding] fraudulent joinder.'" *Grancare*, 889 F.3d at 548 (quoting *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009)). Defendants have not met that heavy burden here.

### 2. The Language of Section 1441(a) Provides for Snap-Removal but Does Not Endow the Court with Subject Matter Jurisdiction; the Case Must be Remanded Pursuant to Section 1447(c).

Having found that there is no fraudulent joinder, the Court may not disregard Lee's citizenship for the purposes of assessing removal and jurisdiction. Ordinarily, the course of action

United States District Court
Northern District of California

10

would be simple:  the Court lacks diversity jurisdiction and must remand the case to state court. *See* 28 U.S.C. §§ 1332(a), 1447(c).  Plaintiff argues for remand on this basis.  Dkt. 26 at 5-8.  However, Defendants argue that the "forum-defendant" rule does not apply before the forum-defendant (here, Lee, who is a California citizen) is served, and accordingly the removal was proper, and remand is inappropriate.  Dkt. 30 at 3-6.  For the following reasons, the Court finds that "snap removals" are permissible under the removal statutes and removal was proper at the time it occurred.  However, remand is nonetheless mandatory at this juncture.

### a.      The Forum-Defendant Rule and Snap Removal

28 U.S.C. § 1441(b)(2) provides that "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b)(2).  This limitation, which courts refer to as the "forum defendant rule," "confines removal on the basis of diversity jurisdiction to instances where no defendant is a citizen of the forum state."  *Lively v. Wild Oats Mkts.*, Inc., 456 F.3d 933, 939 (9th Cir. 2006).

"Snap removal" is the "practice of [attempting to] circumvent[] application of the forum-defendant rule by removing before defendants are served."  *Lam Sing v. Sunrise Senior Mgmt., Inc.*, No. C 23-00733 WHA, 2023 WL 3686251, at *3 (N.D. Cal. May 26, 2023).  "Snap removal may apply in a situation where a defendant was able to remove and argue against application of the forum defendant rule because it managed to remove the case before plaintiff was able to serve it" or a co-defendant.  *Id.* (cleaned up).  It is based upon the language "properly joined and served" in Section 1441(b)(2), (*see* 28 U.S.C. § 1441(b)(2), although whether snap removals are permitted by the removal statutes is an open question in this Circuit.  *See Casola v. Dexcom, Inc.*, 98 F.4th 947, 950 n.1, 964-65 (9th Cir. 2024) ("[T]he final chapter on snap removals in the Ninth Circuit remains to be written[.]").

////

////

////

////

11

United States District Court
Northern District of California

b.      **Snap Removal is Permitted by the 28 U.S.C. § 1441(b), and Omnicell's Removal Did Not Violate the Forum-Defendant Rule**

District courts have reached different conclusions on the permissibility of snap removal. *Higginbottom v. Dexcom, Inc.*, 744 F. Supp. 3d 1058, 1073 (S.D. Cal. 2024), *motion to certify appeal denied,* No. 24-cv-0195-WQH-BLM, 2024 WL 4547017 (S.D. Cal. Oct. 22, 2024) (collecting and contrasting cases from the Northern District of California (permitting snap removal) and the Central District of California (mixed));  *see also U.S. Bank Nat'l Ass'n as Tr. for Certificateholders of Harborview Mortg. Loan Tr. 2005-08, Mortg. Loan Pass-through Certificates, Series 2005-08 v. Fid. Nat'l Title Grp., Inc.*, 604 F. Supp. 3d 1052, 1056 (D. Nev. 2022) (explaining that "all judges in th[e] [D]istrict [of Nevada] (except for one)" have found snap removals impermissible and setting forth the history on both sides of the dispute).

The majority of view of courts in this District, however, is to permit snap removals: "[T]he Northern District of California has consistently held a defendant may remove an action prior to receiving proper service, even when the defendant resides in the state in which the plaintiff filed the state claim." *Humana Inc. v. Handa Pharms., LLC*, No. 23-cv-01550-DMR, 2023 WL 5227191, at *3 (N.D. Cal. Aug. 15, 2023) (internal quotation marks omitted) (collecting N.D. Cal. cases).  This majority view is based on "a plain reading of the statute:" *Fobb v. Uber Techs., Inc.*, No. 21-cv-07778-HSG, 2022 WL 620336, at *2 (N.D. Cal. Mar. 3, 2022) (collecting N.D. Cal. cases).  Congress wrote that an action "otherwise removable solely on the basis of" diversity jurisdiction is not removable if a forum-defendant is "joined and served."  28 U.S.C. § 1441(b)(2).  The language "and served" must mean something.  Still,  the majority view is not unanimous.  *In re Roundup Prods. Liab. Litig.*, No. 16-MD-02741-VC, 2019 WL 423129, at *1 (N.D. Cal. Feb. 1, 2019) (rejected snap removals because "interpreting the statute to permit removal before service of process would create absurd results.");  *See also Tourigny v. Symantec Corp.*, 110 F. Supp. 3d 961, 964 (N.D. Cal. 2015) (rejecting snap removals in the case of a single defendant, reasoning that the inclusion of "joined" required multiple defendants).

In this instance, the Court elects to follow the majority view of courts in this District:  that the plain language of 28 U.S.C. § 1441(b)(2) limits application of the forum-defendant rule to

cases where the forum-defendant was "properly joined and served." *See Humana Inc.*, 2023 WL 5227191, at *3 (collecting N.D. Cal. cases)); *Fobb v. Uber Techs., Inc.*, 2022 WL 620336, at *2 (same). Plaintiff concedes that Lee was not served until September 21, 2025, whereas Omnicell filed its notice of removal on June 20, 2025. *See* Dkt. 26 at 3. Accordingly, Omnicell's removal of this case did not violate the forum-defendant rule.

In adopting this interpretation, the Court is mindful of one particularly absurd result that threatens to follow and would militate against this interpretation: Permitting snap removal in this case as urged by Defendant would appear to entitle this Court to preside over a case for which it lacks subject matter jurisdiction. However, for the reasons explained in section III.A.2.c., below, this result is avoided by a careful reading of 28 U.S.C. §§ 1441**(a)** and 1447(c).

**c.**     **Omnicell's Removal Was Nonetheless Improper Because the Court Lacked Original Subject Matter Jurisdiction, and the Court Must Remand the Case Pursuant to 28 U.S.C. § 1447(c)**

Unaddressed by the Parties is the first step in the removal analysis, Section 1441(a): "any civil action brought in a State court **of which the district courts of the United States have original jurisdiction**, may be removed by the defendant or the defendants…." 28 U.S.C. § 1441(a) (emphasis added). A civil action may not be removed if this Court does not have original jurisdiction over the action. *Cf. id.* However, Section 1332(a)—the basis on which Omnicell purported to remove this case—requires *complete*, not minimal, diversity of the Parties. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67-68 (1996) ("In [1806], this Court construed the original Judiciary Act's diversity provision to require complete diversity of citizenship. We have adhered to that statutory interpretation ever since."). Moreover, it is a "well-established rule that diversity of citizenship is assessed at the time the action is filed." *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991).

Accordingly, at the time this action was filed—regardless of when the Parties were *served*—there was a lack of complete diversity because Plaintiff and Defendant Lee are both citizens of California. As a result, there was a lack of subject matter jurisdiction, and Section 1441(a) did not permit Omnicell's removal of this case to this federal court. In attempting removal, Omnicell lost sight of when the forum-defendant rule of section 1441(b)(2) and the snap-

removal exception are properly applied. Only where a *plaintiff* is out-of-state and a defendant is in-state does the forum-defendant rule present a relevant procedural hurdle that prevents removal notwithstanding diversity jurisdiction. *See, generally*, *Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933 (9th Cir. 2006).[6] By contrast, the forum-defendant rule, and hence the snap removal limitation, are irrelevant where there is both an in-state plaintiff and in-state defendant.

Accordingly, the Court **GRANTS** Plaintiff's Motion to Remand. It does so not because Omnicell has violated the forum-defendant rule (it has not), but because this Court lacks subject matter jurisdiction to hear the case. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

**B.    Defendant Lee's Motion to Dismiss is Denied as Moot**

Because the Court remands this case to state court, Lee's Motion to Dismiss is **DENIED as moot**. *E.g.*, *Moore*, 2016 WL 3091087, at *8 (E.D. Cal. June 2, 2016).

**IV.    CONCLUSION**

For the foregoing reasons, the Court finds that: (1) Lee was not fraudulently joined and (2) Omnicell's snap removal did not violate the forum-defendant rule but (3) the Court nonetheless lacks subject matter jurisdiction and, accordingly, the Motion to Remand is **GRANTED**.

Defendant Lee's Motion to Dismiss is **DENIED as moot**.

This action is ordered **REMANDED** to the Superior Court of the State of California for

////

////

////

////

---

[6] Indeed, for this reason, the forum-defendant rule also cannot form the basis for a *sua sponte* remand by this Court, whereas a jurisdictional defect could. *See Lively*, 456 F.3d 933 at 936 ("We join eight of the nine circuits that have decided this issue and hold that the forum defendant rule is procedural, and therefore a violation of this rule is a waivable defect in the removal process that cannot form the basis for a district court's *sua sponte* remand order."); *Kenny v. Wal-Mart Stores, Inc.*, 881 F.3d 786, 790 (9th Cir. 2018) (Although "[a] district court lacks authority under 28 U.S.C. § 1447(c) to remand *sua sponte* based on a non-jurisdictional defect ... subject matter jurisdiction is the touchstone for a district court's authority to remand *sua sponte*.").

United States District Court
Northern District of California

the County of Santa Clara. The Clerk of Court shall close the file.

**SO ORDERED.**

Dated: February 2, 2026

_____
SUSAN VAN KEULEN
United States Magistrate Judge

United States District Court
Northern District of California

15